UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| CHANNARY M. PRAK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil No. 07-61-P-S |
| BONNEY STAFFING AND | ) | |
| TRAINING CENTER, et al., | ) | |
| | ) | |
| Defendants | ) | |

*Amended[1] Decision Recommending Dismissal of Defendants from Civil Rights Action*

Channary M. Prak has filed a complaint against six entities: two employment agencies, two former employers, Prak's undergraduate institution Husson College, and the Maine Human Rights Agency.  I have granted Prak in forma pauperis status and I have screened her complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

With respect to her claims against Husson College Prak explains that she got a bachelor's degree in accounting from Husson in 2001.  (Compl. ¶ 1.)  Prak alleges: "The degree that I received from Husson College is not valid.  I come to think that the school might be a fraud and they are not accrediting in the state of Maine."  (Id. ¶ 2.)  In Paragraph 10 of her complaint Prak opines:

> The Husson College provided the degree that is not valid to be approved
> by the Maine employers when apply for jobs.  I received a Bachelor
> degree in accounting, unfortunately having a hard time applying for the
> lowest job position.  All Maine employers disqualified my resume and job
> application.  Is Husson College accrediting in the state of Maine and
> within the USA.  Are all the professors at Husson College certifying to be
> a professor?

---

[1]     This decision is amended so that the pronouns reflect that the plaintiff is female and not male.
There are no other changes made to my recommended decision entered on April 17, 2007, at Docket No. 6.

Dockets.Justia.com

(Id. ¶ 10.) Prak cannot use this federal civil action as a vehicle for determining whether

Husson College is accredited and for identifying the certification levels of its professors.

The complaint fails to state any cognizable federal claim against Husson College.

With respect to the Maine Human Rights Agency, which is actually the Maine

Human Rights Commission, Prak alleges:

> I wanted to file an appeal for the unemployment; regrettably, the policy stated the appeal needed to be filed within 15 days from the disqualified date. I sent a letter to the Maine Human Rights to help investigate my case; why every company in the state of Maine disqualified my resume and job applications, evidence of proof to their officer per requested. The Maine State Human Rights has turned me down twice. Their policy had stated to protect all Maine citizens, but how? For what I have been through, the Maine Human Rights, the Maine employers, the job agencies and the school are discriminated.

(Id. ¶ 3.) Prak states that she worked for Fairchild Semiconductor from 1999 to 2002,

and Prak believes that she was not paid fairly given her work responsibilities. (Id. ¶ 4.)

Prak apparently solicited the review of the Maine Human Rights Commission in 2001

and the Commission "did not do anything about it." (Id.) The Commission, Prak

complains, failed to assist her twice and she has "come to realize it is very certain that

they are not the right place to ask for the support" and they will never protect Prak "as

their U.S. citizen." (Id. ¶ 5.) Prak further laments:

> The Maine Human Rights Agency is not supporting or helping investigate the case on the employment discrimination that was sent to their office by me on October of 2001 and November of 2006. The Agency seemed not to be concerned about what had been sent to them by me and refused not to write up the charges against the job agencies, the school department and the employers that were violated their policies. I sent proofs of evidence per requested to their office; unfortunately, this agency has turned me down twice. The agency is lack of responsibility, discriminated against minority and lack to perform their job duty that was stated on their policy to protect all Maine citizens.

(Id. ¶ 6.)  The Maine Human Rights Commission is a state agency and is immune from suit.  See Kentucky v. Graham, 473 U.S. 159, 165-167 & n.14 (1985); Wojcik v. Massachusetts State Lottery Comm'n,  300 F.3d 92, 99  (1st Cir. 2002).

Accordingly, I recommend that the Court summarily dismiss this suit as against Husson College and the Maine Human Rights Commission pursuant to 28 U.S.C. § 1915(e)(2)(B).

NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof.  A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

April 18, 2007.