UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| CHANNARY PRAK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Civil No. 07-61-P-S |
| BONNEY STAFFING AND TRAINING ) | |
| CENTER, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDED DECISION ON MOTION TO DISMISS**

Channary Prak, who identifies herself in her pleadings as a member of a "minority," has sued four separate former employers or employment agencies alleging discrimination based upon her minority status. This recommended decision addresses a motion to dismiss (Docket No. 11) brought by Portland Pipe Line Corporation (PPLC), her employer from March 5, 2002, through May 6, 2005. According to PPLC, the complaint against it should be dismissed because the plaintiff fails to allege the employer took any adverse employment action, fails to allege she is a member of a protected class, fails to allege any facts that would support an inference of discrimination, and also because plaintiff failed to exhaust administrative remedies. I now recommend the court grant in part the motion to dismiss, dismissing all federal claims for failure to exhaust administrative remedies. I further note that the relief available to Prak under Maine law would be limited to certain specific remedies and recommend that in the event the court ultimately determines that none of the federal claims against any defendant should survive, the remaining state law claims be dismissed without prejudice.

**Motion to Dismiss Standard**

The defendant's motion to dismiss invokes Rule 12(b)(6) of the Federal Rules of Civil Procedure. As for Rule 12(b)(6) challenges: "A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of her claim that would entitle her to relief." Greenier v. Colgan Air, Inc., 295 F. Supp. 2d 123, 124 (D. Me. 2003). To determine that issue, the Court must "take the well pleaded facts as they appear in the complaint, indulging every reasonable inference in plaintiff's favor." Id. (quoting Correa-Martinez v. Arrillaga-Belendez, 903 F.2d 49, 51 (1st Cir. 1990)). Ordinarily, a court considering a 12(b)(6) motion may not consider any "facts" other than those alleged within the four corners of the complaint, unless the court gives all parties a reasonable opportunity to present all material pertinent to the motion and "converts" the motion into a motion for summary judgment subject to Rule 56. Id. An exception is recognized, however, which permits a court to consider evidence beyond the allegations of the complaint so long as that evidence consists of documents that are not reasonably subject to challenge based on lack of authenticity, such as some public records and documents that are central to, incorporated into or sufficiently referred to in the complaint. Greenier v. Pace, Local No. 1188, 201 F. Supp. 2d 172, 177 (D. Me. 2002) (citing Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993)). A court confronted with a Rule 12(b)(6) motion "may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

The Supreme Court, in Swierkiewicz v. Sorema N. A., 534 U.S. 506, 508 (2002), made it abundantly clear that a plaintiff need not plead the precise elements of a prima facie case of employment discrimination in order to survive a motion to dismiss for failure to state a claim and

that notice pleading would suffice.  Notice pleading rules, however, do not relieve a plaintiff of responsibility for identifying the nature of her claim.  See Gooley v. Mobil Oil Corp., 851 F.2d 513, 514 (1st Cir.1988) (explaining that although the requirements of Rule 8(a)(2) are minimal, "minimal requirements are not tantamount to nonexistent requirements").  This means that in any civil action subject to notice pleading requirements, the statement of claim must "at least set forth minimal facts as to who did what to whom, when, where, and why."  Calvi v. Knox County, 470 F.3d 422, 430 (1st Cir. 2006) (quoting Educadores Puertorriquenos v. Hernandez 367 F.3d 61, 68  (1st Cir. 2004)).

In effect, the record for purposes of the pending motion to dismiss is comprised of the allegations set forth in the complaint, the documents submitted by Prak in support of her complaint, and, finally, the additional facts provided by Prak in her response to the motion to dismiss.  I view Prak's complaint and response to the motion to dismiss by the more lenient standards afforded pro se litigants.  See Haines v. Kerner, 404 U.S. 519, 520 (1972); see also Richardson v. United States, 193 F.3d 545, 548 (D.C. Cir. 1999) (concluding that the District Court abused its discretion when it failed to consider a pro se plaintiff's complaint in light of his reply to the motion to dismiss). As always, at this stage of proceeding all of the material facts are to be construed in the light most favorable to the non-movant, here Channary Prak.

**The Allegations**

Channary Prak, who holds a bachelor's degree in accounting, was employed for three years by Portland Pipe Line Corporation and left that employment of her own volition in May 2005.  (Compl. ¶ 1).  Although she received yearly raises like other employees at the company and her "job responsibility has been promoted," Prak complains the company did not pay her the actual salary commensurate with her position and education.  Id.  She wrote to the Maine Human

3

Rights Commission to complain about her situation and the conduct of her former employers, various employment agencies, and the college she attended. (Id. ¶ 3). She received no help from the Commission. Id.

Prak alleges that PPLC discriminated against her because of her "minority" status even though its stated policy was to treat all employees equally regardless of their age, sex, or national origin. Her job performance at PPLC was satisfactory at all times. Her starting salary was $33,000 in 2002 and by the time she left the company in 2005 she was earning $40,021. Prak alleges that after a conversation with Kathryn Dillenback, the Corporate Controller, she became convinced, "if I happened to qualify for a higher position, I did not think that this company would consider me for the actual job rate." (Id. ¶ 7.)

In support of her complaint against PPLC Prak has submitted an employee performance evaluation dated February 23, 2005. (Id. Ex. 7.) The exhibit appears to support the assertion that her job performance was entirely satisfactory. She has also submitted a PPLC job responsibility statement for the position of accountant, describing the general accounting duties assigned to someone in that position. (Id. Ex. 8.) Prak has also submitted a company job responsibility transfer form effective April 2, 2004, suggesting that Prak was transferred to assume responsibilities previously held by Natalie D. Bession. (Id. Ex. 9.) Prak has also submitted documentation that she commenced employment in the position of accountant I at salary grade 19 and that when she was transferred to the position in Exhibit 9 she became an accountant A at salary grade 20. (Id. Ex. 10.)

Prak has also attached a series of exhibits setting forth her contacts with Sheila Pierce at the Maine Human Rights Commission. (Id. Exs. 15 - 20). The first letter dated November 6, 2005, complains about Prak's unsuccessful search for employment and does not mention PPLC

4

at all.  The second exhibit, a "to whom it may concern" letter dated November 5, 2006, details Prak's difficulties with various entities including former employers such as PPLC, employment agencies, the Maine Human Rights Commission, and the State of Maine Unemployment Compensation Bureau.  The next exhibit is a letter from Sheila Pierce acknowledging that Prak was complaining of being discriminated against on the basis of her race/color and national origin.  Ms. Pierce explained in the letter that she only had jurisdiction to investigate alleged discrimination that occurred within the past six months.  She makes no reference to Portland Pipe Line.  In a reply letter, Prak explains to Pierce her concerns about her current employment search, but does not mention PPLC.  In a letter dated December 11, 2006, Prak advised the Maine Human Rights Commission that she wanted to file charges against two employment agencies.  Portland Pipe Line is not mentioned in that letter.  Finally Prak has submitted a letter from Sheila Pierce indicating that she has not provided the Commission with sufficient information to form the basis of any discrimination complaint against any agency.

     In her response to the motion to dismiss Prak provides a little further elaboration to her claim.  She claims that as a result of the April 2004 promotion she received a new job title and the normal yearly raise, but that she was not paid at the proper salary rate for a person with the job title of Revenue Accountant.  (Resp. to Mot. to Dismiss ¶¶ 4-6, Doc. 18.)  Prak provides no allegations about the salary of other Revenue Accountants (Salary Range 20) employed at PPLC.  She explains that she has "never sent copies of the Maine Human Rights letters to the defendant, Portland Pipe Line."  (Id. ¶ 1).

**Discussion**

Title VII requires that an aggrieved individual comply with filing deadlines before suit may be instituted. Jorge v. Rumsfeld, 404 F.3d 556, 564 (1st Cir. 2005); see also 42 U.S.C. § 2000e-5(e) & (f). Federal law requires a plaintiff to file a charge with the Equal Employment Opportunity Commission (EEOC) within 300 days of the alleged discriminatory act as a prerequisite to filing suit. 42 U.S.C. § 2000e-5(e). However, because Maine is a so-called "deferral state," an individual can normally satisfy this requirement by filing a timely complaint with the Maine Human Rights Commission. Judkins v. Saint Joseph's Coll. of Me., ___ F. Supp. 2d ___, No. 2:06 CV-204-P-S, 2007 WL 1196559, 2007 U.S. Dist. LEXIS 29592, *7 (D. Me. Apr. 20, 2007). The purpose of the charge filing requirement is to provide the employer with prompt notice of the claim and to create an opportunity for early conciliation. Lattimore v. Polaroid Corp., 99 F.3d 456, 464 (1st Cir. 1996).

Prak's own submissions clearly establish that she has failed to comply with the administrative filing requirements as they pertain to PPLC. The correspondence she received from Sheila Pierce made it abundantly clear the Maine Human Rights Commission was unable to process her complaint because she had provided them with insufficient information. Rather than submit additional materials to the Commission that would have enabled it to determine if her complaint against PPLC, or any other of her named defendants, was timely filed and should be investigated, Prak attempted an end run around the Commission by filing suit in this court against not only the various alleged employers, but also against the Commission itself. By choosing this course of action, Prak has eliminated the possibility of recovery for employment discrimination under federal law.[1]

---

[1] It seems to me that this determination will be dispositive of the four remaining defendants as well. Indeed, Fairchild Semiconductor and Bonney Staffing and Training Center have filed motions to dismiss on the same basis.

Prak's failure to avail herself of the available administrative remedies does not result in the complete dismissal of her claim to the extent she is alleging a state cause of action under the Maine Human Rights Act. Under state law, the consequence of Prak's failure to file a timely charge with the Commission is that she may not recover attorney's fees or compensatory and punitive damages. 5 M.R.S.A. § 4622. However, if her complaint states a claim under notice pleading standards, she could theoretically recover back pay, reinstatement, and/or injunctive relief under state law. Thus I must address Portland Pipe Line's argument that the complaint fails to state a claim of employment discrimination.

Under the liberal Swierkiewicz pleading requirements that must guide me in this sort of *pro se* employment discrimination case, this complaint with its attachments and response to the motion to dismiss can fairly be said to put PPLC on notice of the complaint against it. While Prak describes herself only as a "minority" it is clear from the context of her complaint and her letters to the Maine Human Rights Commission that the discrimination she complains of is based upon her race and/or national origin. She makes no mention of age or gender discrimination, but clearly asserts she has been unlawfully discriminated against and cites PPLC's own purported policy of not discriminating based on race or national origin.

As for the nature of the discriminatory conduct, clearly Prak is complaining that the company promoted her to a new job position, Revenue Accountant, but continued to pay her at a salary range that was not commensurate with her job responsibility. Furthermore, after speaking with a company representative, Prak believed she would never be properly promoted or paid at the company, based upon her race and/or nation of origin. Admittedly, the documentation Prak

---

Those motions have not yet been referred as Prak still has an opportunity to respond, but it appears unlikely that anything will remain other than state law claims as to one or both of the defendants. Indeed, all claims against Fairchild may be subject to dismissal with prejudice because of statute of limitations concerns, so I have elected to await responses and deal with each defendant separately.

has submitted suggests that she did receive both promotions and raises appropriate to increased responsibilities, not just yearly cost of living raises. However I might view the likelihood of success based upon these allegations and submissions, I cannot say that there is no set of facts that could be proven that would entitle Prak to some relief under state employment discrimination law. For this reason, I cannot recommend dismissal of the complaint at this juncture.

## Conclusion

Based upon the foregoing, I recommend the court GRANT IN PART Portland Pipe Line Corporation's motion to dismiss and dismiss so much of the complaint as attempts to allege an employment discrimination claim under Title VII and so much of the complaint as seeks compensatory and/or punitive damages or attorney fees under the Maine Human Rights Act. I further recommend that in the event all other federal claims against the other defendants are ultimately dismissed, that the remaining state law claims should be dismissed without prejudice.

### NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

May 30, 2007