UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| CHANNARY PRAK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Civil No. 07-61-P-S |
| BONNEY STAFFING AND TRAINING ) | |
| CENTER, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDED DECISION ON MOTION TO DISMISS**

Channary Prak, who identifies herself in her pleadings as a member of a "minority," has sued four separate former employers or employment agencies alleging discrimination based upon her minority status. This recommended decision addresses a motion to dismiss (Docket No. 14) brought by Fairchild Semiconductor Corporation (Fairchild), her employer from 1999 to 2002. According to Fairchild, the complaint against it should be dismissed because it is barred by the statute of limitations. I recommend that the Court grant the motion.

**Motion to Dismiss Standard**

The defendant's motion to dismiss invokes Rule 12(b)(6) of the Federal Rules of Civil Procedure. As for Rule 12(b)(6) challenges: "A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of her claim that would entitle her to relief." Greenier v. Colgan Air, Inc., 295 F. Supp. 2d 123, 124 (D. Me. 2003). To determine that issue, the Court must "take the well pleaded facts as they appear in the complaint, indulging every reasonable inference in plaintiff's favor." Id. (quoting Correa-Martinez v. Arrillaga-Belendez, 903 F.2d 49, 51 (1st Cir. 1990)). Ordinarily, a court

considering a 12(b)(6) motion may not consider any "facts" other than those alleged within the four corners of the complaint, unless the court gives all parties a reasonable opportunity to present all material pertinent to the motion and "converts" the motion into a motion for summary judgment subject to Rule 56. Id.  An exception is recognized, however, which permits a court to consider evidence beyond the allegations of the complaint so long as that evidence consists of documents that are not reasonably subject to challenge based on lack of authenticity, such as some public records and documents that are central to, incorporated into or sufficiently referred to in the complaint. Greenier v. Pace, Local No. 1188, 201 F. Supp. 2d 172, 177 (D. Me. 2002) (citing Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993)).

In effect, the record for purposes of the pending motion to dismiss is comprised of the allegations set forth in the complaint, the documents submitted by Prak in support of her complaint, and, finally, the additional factual assertions made by Prak in her response to the motion to dismiss.  I view Prak's complaint and response to the motion to dismiss by the more lenient standards afforded pro se litigants.  See Haines v. Kerner, 404 U.S. 519, 520 (1972); see also Richardson v. United States, 193 F.3d 545, 548 (D.C. Cir. 1999) (concluding that the District Court abused its discretion when it failed to consider a pro se plaintiff's complaint in light of his response to the motion to dismiss). As always, at this stage of the proceeding all of the material facts are to be construed in the light most favorable to the non-movant, here Channary Prak.

## The Allegations

Channary Prak, who holds a bachelor's degree in accounting, was employed by Fairchild Semiconductor from 1999 to 2002. (Compl. ¶ 4.) She was hired to fill the position of Accounting Analyst, but was paid as an Administrative Support V. (Id.) She found out about

this discrepancy in November 2000 when she applied for an inter-company accounting position for which she was disqualified. (Id.) Her job assignments at Fairchild involved analyzing and preparing profit & loss financial reports for the controller, approving fixed asset budget requisitions for the plant departments, contacting the accounts payable department when she found errors, and providing regular financial reports to plant managers. (Id.) Her job performance at Fairchild was satisfactory at all times. (Id. ¶ 8.) She wrote to the Maine Human Rights Commission in 2001 to complain about her situation at Fairchild. (Id. ¶ 4.) She received no help from the Commission. (Id.)

Prak alleges that Fairchild discriminated against her because of her minority status and violated its own policies by paying her at the level of Administrative Support V. (Id. ¶ 8.) In support of her complaint against Fairchild, Prak has submitted a letter dated February 4, 2000, offering her the position of Accounting Analyst, job code ME2520. (Compl. Ex. 11.) She has also submitted her private personnel record from Fairchild showing that from February 7, 2000, to January 26, 2002, she was employed as an Administrative Support V, job code 2520. (Id. Ex. 12.) Prak has also submitted a letter she sent to Fairchild on February 12, 2007, requesting her complete personnel file, with a responsive note from the human resources department indicating there are no performance reviews in her file. (Id. Ex. 13.) Prak has also submitted a July 30, 2001 "Employee Accomplishments" document from Fairchild. (Id. Ex. 14.)

In addition to the foregoing documents, Prak has also attached a series of exhibits setting forth her contacts with Sheila Pierce at the Maine Human Rights Commission. (Id. Exs. 15-20.) The first letter dated November 6, 2005, complains about Prak's unsuccessful search for employment and does not mention Fairchild at all, although it says she has been a victim since 2001. The second exhibit, a "to whom it may concern" letter dated November 5, 2006, details

Prak's difficulties with various entities including Fairchild, employment agencies, the Maine Human Rights Commission, and the State of Maine Unemployment Compensation Bureau. Attached to this letter were copies of 2001 e-mail correspondence between Prak and her supervisor at Fairchild dating from the November 2001 time frame and pertaining to her complaint to the Maine Human Rights Commission.  The third exhibit is a letter from Sheila Pierce acknowledging that Prak was complaining of being discriminated against on the basis of her race/color and national origin.  Ms. Pierce explained in the letter that she only had jurisdiction to investigate alleged discrimination that occurred within the past six months.  She makes no reference to Fairchild.  In a reply letter, Prak explains to Pierce her concerns about her current employment search, but does not mention Fairchild.  In a second letter dated December 11, 2006, Prak advised the Maine Human Rights Commission that she wanted to file charges against two employment agencies.  Fairchild is not mentioned in that letter although she refers to her previous employers as being the source of information provided to other potential employers.  Finally, Prak has submitted a letter from Sheila Pierce indicating that she has not provided the Commission with sufficient information to form the basis of any discrimination complaint against any agency.

      In her response to the motion to dismiss Prak provides some clarification to her claim.  She claims that the job offer for job code 2520 received on February 4, 2000, was intentionally presented in a fraudulent manner.  (Resp. to Mot. to Dismiss ¶¶ 3-7, Doc. 22.)  She also explains that she has "never sent copies of the Maine Human Rights letters to the defendant, Fairchild Semiconductor Corporation."  (Id. ¶ 1.)

4

**Discussion**

In order to bring a complaint under the Maine Human Rights Act the plaintiff must commence her lawsuit "not more than 2 years after the act of unlawful discrimination complained of ." 5 M.R.S.A. § 4613(2)(C). Here Prak is complaining that Fairchild discriminated against her in 2000 when she commenced employment. She says she was hired as an accounting analyst, did the work of an accounting analyst, and was paid at the rate received by an administrative support position. Fairchild hired her under fraudulent pretenses and did so, according to Prak, because it held discriminatory animus toward her based on her race and/or national origin. At the very latest Prak knew of this alleged discrimination in 2001 when she first complained to the Maine Human Rights Commission. Although she notes in her recent correspondence to the Commission that her prior employers are her references in regard to her current job search, she does not allege Fairchild has done anything improper in that regard. I cannot but conclude that any claim Prak ever held under Maine law against Fairchild is now time barred and must be dismissed.

Prak's federal claims under Title VII fare no better. See 42 U.S.C. § 2000e-5(e) & (f). Federal law requires a person to file a charge with the Equal Employment Opportunity Commission (EEOC) within 300 days of the alleged discriminatory act as a prerequisite to filing suit. 42 U.S.C. § 2000e-5(e). However, because Maine is a so-called "deferral state," an individual can normally satisfy this requirement by filing a timely charge with the Maine Human Rights Commission. Judkins v. Saint Joseph's Coll. of Me., ___ F. Supp. 2d ___, No. 2:06 CV-204-P-S, 2007 WL 1196559, * 3, 2007 U.S. Dist. LEXIS 29592, *7 (D. Me. Apr. 20, 2007). Thereafter, the Commission must be afforded a period of time in which to act, at the expiration of which the person pursuing the claim has a window of 90 days in which to bring a civil action

in court, if at all.  42 U.S.C. § 2000e-5(f)(1).   The purpose of the charge filing requirement is to provide the employer with prompt notice of the claim and to create an opportunity for early conciliation.  Lattimore v. Polaroid Corp., 99 F.3d 456, 464 (1st Cir. 1996).

Although Prak made an inquiry to the Maine Human Rights Commission in 2001 about alleged discrimination at Fairchild she does not allege that she ever completed the complaint process.  Indeed, in her 2006 correspondence with the Commission she says she never heard anymore from the Commission after her initial e-mail exchange in 2001.   In any event, the time for filing a complaint under Title VII has long since expired.  The complaint in its entirety against Fairchild Semiconductor Corporation should be dismissed.

## Conclusion

Based upon the foregoing, I recommend the court grant Fairchild Semiconductor Corporation's motion to dismiss.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof.  A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

May 31, 2007