UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| CHANNARY M. PRAK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil No. 07-61-P-S |
| BONNEY STAFFING AND | ) |
| TRAINING CENTER, et al., | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDED DECISION ON MOTION TO DISMISS**

Channary Prak, who identifies herself in her pleadings as an "Asian" and a member of a "minority," has sued four separate former employers or employment agencies alleging discrimination based upon her minority status. This recommended decision addresses a motion to dismiss (Docket No. 16) brought by Bonney Staffing and Training Center ("Bonney"), an employment agency through which Prak has sought employment since 2005. According to Bonney, the complaint against it should be dismissed because it fails to allege any facts that would support an inference of discrimination and also because plaintiff failed to exhaust administrative remedies. I recommend that the Court grant the motion.

**Motion to Dismiss Standard**

The defendant's motion to dismiss invokes Rule 12(b)(6) of the Federal Rules of Civil Procedure. As for Rule 12(b)(6) challenges: "A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of her claim that would entitle her to relief." Greenier v. Colgan Air, Inc., 295 F. Supp. 2d 123, 124 (D. Me. 2003). To determine that issue, the Court must "take the well pleaded facts as they

appear in the complaint, indulging every reasonable inference in plaintiff's favor." Id. (quoting Correa-Martinez v. Arrillaga-Belendez, 903 F.2d 49, 51 (1st Cir. 1990)).  Ordinarily, a court considering a 12(b)(6) motion may not consider any "facts" other than those alleged within the four corners of the complaint, unless the court gives all parties a reasonable opportunity to present all material pertinent to the motion and "converts" the motion into a motion for summary judgment subject to Rule 56.  Id.  An exception is recognized, however, which permits a court to consider evidence beyond the allegations of the complaint so long as that evidence consists of documents that are not reasonably subject to challenge based on lack of authenticity, such as some public records and documents that are central to, incorporated into or sufficiently referred to in the complaint.  Greenier v. Pace, Local No. 1188, 201 F. Supp. 2d 172, 177 (D. Me. 2002) (citing Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993)).

  The Supreme Court, in Swierkiewicz v. Sorema N. A., 534 U.S. 506, 508 (2002), made it abundantly clear that a plaintiff need not plead the precise elements of a prima facie case of employment discrimination in order to survive a motion to dismiss for failure to state a claim and that notice pleading would suffice.  Notice pleading rules, however, do not relieve a plaintiff of responsibility for identifying the nature of her claim.  See Gooley v. Mobil Oil Corp., 851 F.2d 513, 514 (1st Cir.1988) (explaining that although the requirements of Rule 8(a)(2) are minimal, "minimal requirements are not tantamount to nonexistent requirements").  This means that in any civil action subject to notice pleading requirements, the statement of claim must "at least set forth minimal facts as to who did what to whom, when, where, and why." Calvi v. Knox County, 470 F.3d 422, 430 (1st Cir. 2006) (quoting Educadores Puertorriquenos v. Hernandez 367 F.3d 61, 68 (1st Cir. 2004)).

In effect, the record for purposes of the pending motion to dismiss is comprised of the allegations set forth in the complaint, the documents submitted by Prak in support of her complaint, and, finally, the additional factual assertions made by Prak in her response to the motion to dismiss. I view Prak's complaint and response to the motion to dismiss by the more lenient standards afforded pro se litigants. See Haines v. Kerner, 404 U.S. 519, 520 (1972); see also Richardson v. United States, 193 F.3d 545, 548 (D.C. Cir. 1999) (concluding that the District Court abused its discretion when it failed to consider a pro se plaintiff's complaint in light of his response to the motion to dismiss). As always, at this stage of the proceeding all of the material facts are to be construed in the light most favorable to the non-movant, here Channary Prak.

### The Allegations

The background allegations concerning Prak's two former employers, Fairchild Semiconductor and Portland Pipeline Corporation, have been set forth in earlier recommended decisions addressing motions brought by those two defendants. Those allegations will not be repeated here. Turning to the allegations concerning Bonney, the complaint indicates that "the job agencies are careless, discriminated against minority and irresponsible in supporting their client." (Compl. ¶ 5). She accuses Bonney of being "not helpful in finding jobs." (Id. ¶ 9). She is especially critical of Bonney because it reported incorrect information on its log sheets dated June 13, 2005, and December 11, 2006. (Id.) Prak also complains that a Michelle Pasquini never returned her phone calls and after January 2007 the agency discontinued its contact with her. (Id.) All Bonney offered was the message, "we'll keep you posted." (Id.)

In support of this "claim" Prak submits some exhibits. The first one is a copy of an e-mail from her to someone at Bonney, dated September 19, 2006, and indicating a resume and

cover letter are attached and confirming an interview at the agency to review the resume. (Docket No. 1-2.)  The second document is an e-mail dated April 15, 2005, informing Bonney that she is currently employed by Portland Pipe Line Corporation, but is looking for a job. (Docket No. 1-3.)  Prak has also submitted a client log, apparently maintained by Bonney from April 25, 2005, through January 17, 2007, documenting seventeen contacts between the agency and Prak during that time span.  (Docket No. 1-4.)  Prak takes issue with the entries of June 13, 2005, and December 11, 2006, maintaining they are inaccurate.  (Compl. ¶ 9.)

In her response to the motion to dismiss Prak provides some further clarification regarding her allegations.  Her primary complaint with Bonney appears to be the agency's "lack of ability to assist me in finding a job and that this agency is not active enough."  (Response to Mtn. to Dismiss ¶ 3, Docket No. 25.)  Prak also explains that the jobs Bonney mentioned on its log sheet involved working with software applications that would have taken her one or two days to learn because she was not familiar with the system.  The agency did not refer her for any interviews with any of the companies.  (Id. ¶ 4.)  She does acknowledge that Bonney placed her in a temporary job assignment for one week in October 2006.  (Id. ¶ 5.)  Prak reveals in paragraph six of the response that she is Asian and that that is the reason why the agency was "slacking" and did not want to assist her.  She also asserts that she is "one in a thousand" and is apparently the only one the agency was unable to assist in finding a job.  (Id. ¶ 7.)

Prak explains her contacts with the Maine Human Rights Agency with a series of exhibits setting forth her contacts with Sheila Pierce at the Maine Human Rights Commission. (Docket No. 1-15 to 1-20.)  The first letter dated November 6, 2005, complains about Prak's unsuccessful search for employment.  The second exhibit, a "to whom it may concern" letter dated November 5, 2006, details Prak's difficulties with various entities including former employers, employment

4

agencies, the Maine Human Rights Commission, and the State of Maine Unemployment Compensation Bureau. The next exhibit is a letter from Sheila Pierce acknowledging that Prak was complaining of being discriminated against on the basis of her race/color and national origin. Ms. Pierce explained in the letter that she only had jurisdiction to investigate alleged discrimination that occurred within the past six months. In a reply letter, Prak explains to Pierce her concerns about her current employment search. In a letter dated December 11, 2006, Prak advised the Maine Human Rights Commission that she wanted to file charges against two employment agencies. Finally Prak has submitted a letter from Sheila Pierce indicating that she has not provided the Commission with sufficient information to form the basis of any discrimination complaint against any agency.

## Discussion

As I indicated in the recommended decision pertaining to Portland Pipe Line Corporation (Docket No. 26), I am persuaded that Prak's federal employment discrimination claims and portions of her state employment discrimination claims must fail because of her failure to exhaust administrative remedies:

> Title VII requires that an aggrieved individual comply with filing deadlines before suit may be instituted. Jorge v. Rumsfeld, 404 F.3d 556, 564 (1st Cir. 2005); see also 42 U.S.C. § 2000e-5(e) & (f). Federal law requires a plaintiff to file a charge with the Equal Employment Opportunity Commission (EEOC) within 300 days of the alleged discriminatory act as a prerequisite to filing suit. 42 U.S.C. § 2000e-5(e). However, because Maine is a so-called "deferral state," an individual can normally satisfy this requirement by filing a timely complaint with the Maine Human Rights Commission. Judkins v. Saint Joseph's Coll. of Me., 483 F. Supp. 2d 60, 64 (D. Me. 2007). The purpose of the charge filing requirement is to provide the employer with prompt notice of the claim and to create an opportunity for early conciliation. Lattimore v. Polaroid Corp., 99 F.3d 456, 464 (1st Cir. 1996).
> 
> Prak's own submissions clearly establish that she has failed to comply with the administrative filing requirements as they pertain to [Bonney]. The correspondence she received from Sheila Pierce made it abundantly clear the Maine Human Rights Commission was unable to process her complaint because

5

> she had provided them with insufficient information.  Rather than submit additional materials to the Commission that would have enabled it to determine if her complaint against [Bonney], or any other of her named defendants, was timely filed and should be investigated, Prak attempted an end run around the Commission by filing suit in this court against not only the various alleged employers, but also against the Commission itself.  By choosing this course of action, Prak has eliminated the possibility of recovery for employment discrimination under federal law.
>
> Prak's failure to avail herself of the available administrative remedies does not result in the complete dismissal of her claim to the extent she is alleging a state cause of action under the Maine Human Rights Act.  Under state law, the consequence of Prak's failure to file a timely charge with the Commission is that she may not recover attorney's fees or compensatory and punitive damages.  5 M.R.S.A. § 4622.  However, if her complaint states a claim under notice pleading standards, she could theoretically recover back pay, reinstatement, and/or injunctive relief under state law.

(Rec. Dec. at 6-7, Docket No. 26.)  I see no reason why the same legal rule would not apply to the complaint against Bonney.

Under the liberal <u>Swierkiewicz</u> pleading standards I recommended that the state law claims against Portland Pipe Line remain on the docket, at least until it was determined if any federal claims against any defendant were to survive.  As to the allegations involving Bonney, I cannot identify any claim under either state or federal law.  Federal Rule of Civil Procedure 8(a)(2) does contain certain minimal requirements, and as the First Circuit has explained, the complaint should set forth the basic who did what to whom, when where, and why.  <u>Educadores Puertorriquenos</u>, 367 F.3d at 68.  Even under the most liberal of pleading standards, I cannot say that these allegations pertaining to Bonney state any claim under either state or federal law.

Prak simply says that Bonney did a miserable job trying to place her in an employment position and the reason it failed must have been based upon discrimination because she is Asian.  Is she claiming breach of some contract?  If so, what are the terms of the contract and with whom did she make the contract?  Obviously she is claiming, in conclusory fashion, that there <u>must</u> be discriminatory animus because she is Asian and she has not gotten a permanent job through the

6

employment agency.  However, she says the agency did work with her, albeit not hard enough, and it did, in fact, place her in one temporary job.  She admits that for some of the available jobs she would have needed some training before she could handle the particular software applications.  The log sheet does indicate that she went to at least one, and possibly more, job interviews as a result of leads from the agency.  Without more information, I am in the same position as Sheila Pierce at the Maine Human Rights Agency.  Whether one tries to view this as a state law claim for breach of contract or as employment discrimination, the complaint simply has no facts that would support a claim.  Notice pleading does not require much, but the defendant should be able to glean what it did that causes it to be sued.  All Bonney learns from these pleadings is that Prak is an Asian woman who is dissatisfied with the services it provided.  Normally, that would mean Bonney would lose Prak's business, not be sued in federal court.  This complaint fails to state any claim.

## Conclusion

Based upon the foregoing, I recommend the court grant Bonney's motion to dismiss.

### NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof.  A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

June 18, 2007.