UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| CHANNARY M. PRAK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil No. 07-61-P-S |
| BONNEY STAFFING AND | ) |
| TRAINING CENTER, et al., | ) |
| | ) |
| Defendants. | ) |

**SUPPLEMENTAL RECOMMENDED DECISION ON MOTION TO DISMISS**

On July 6, 2007, I filed a recommended decision (Doc. No. 49) addressing defendant Accountemps' motion to dismiss (Doc. No. 30). At the time I wrote my recommended decision, I noted the following vis-à-vis Prak's response to the motion:

> In her response to the motion to dismiss Prak does not provide any further clarification regarding her allegations. (Resp. Mot. Dismiss, Docket No. 47.) In fact I am not even sure if Prak has actually responded to Accountemps' motion to dismiss as the document at Docket Number 47 appears identical to the objection filed in response to the recommended decision regarding Bonney's motion to dismiss. In any event I can discern no other facts that support Prak's discrimination claim against Accountemps.

When Prak received the recommended decision she was quite understandably upset, because she had filed a responsive pleading that was directed specifically at Accountemps. When the clerk learned of Prak's objection, the paper pleadings filed in the clerk's office were examined more closely and it was determined that a clerical error had been made. Prak did file a timely response individualized to Accountemps' motion but it had been placed in the paper file and never entered upon the docket and thus was not available to me, although it had apparently been served upon Accountemps. The

Case 2:07-cv-00061-GZS   Document 53   Filed 07/17/07   Page 2 of 2    PageID #: 319

clerk has now scanned and entered the response to the motion to dismiss (Doc. No. 51) and dated it to correspond with the date it was actually filed.

I have reviewed Prak's response to Accountemps' motion to dismiss and I can find nothing in that response which alters in any way my legal conclusion regarding the sufficiency of this complaint.  The discrimination charge has never been aired in the administrative forum and there are <u>no</u> facts that support a claim of discrimination.  Accountemps has been unable to secure employment opportunities for Prak.  Prak's entire case of discrimination is built upon that one fact, but it simply does not state a claim of discriminatory conduct on the part of Accountemps.

Accordingly, I reaffirm my recommendation that the Court grant Accountemps' motion to dismiss.  I also direct that the clerk allow the ten day objection period to begin running again upon the entry of this supplemental recommended decision on the docket.  This decision incorporates the recommended decision entered on July 6, 2007, (Docket No. 49), in addition to this supplemental report.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C.  636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof.  A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

July 17, 2007                                              /s/ Margaret J. Kravchuk
                                                                   U.S. Magistrate Judge